UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:                                                      Bankruptcy No. 04-31081
                                                            Chapter 7
Wesley James Bailey,

                    Debtor.
_____/

Thomas P. Axtmann and
Arel E. Axtmann,

                    Plaintiffs,

          v.                                                Adversary No. 04-7056

Wesley James Bailey,

                    Defendant.
_____/

### MEMORANDUM AND ORDER

By Complaint filed September 13, 2004, Plaintiffs Thomas P. Axtmann and Arel E. Axtmann initiated this adversary proceeding seeking a determination that an outstanding debt owed by Debtor/Defendant Wesley James Bailey to the Axtmanns in the total amount of $148,072.00 as the result of a state court judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). By Answer filed October 12, 2004, the Debtor denies the allegation and seeks dismissal of the adversary proceeding. The matter was tried before the Court on January 20, 2005, and the following constitutes the Court's findings of fact and conclusions of law.

### I. FINDINGS OF FACT

This case involves a state court judgment in favor of the Axtmanns and against the Debtor for compensatory and exemplary damages relating to the Debtor's sale of certain real property to

the Axtmanns. The Debtor is a real estate broker, but he was also the seller of the property at issue. The Axtmanns were the buyers.

The Debtor first became involved with the property in 1994 when he sold it to an individual who purchased it to remodel and resell. After extensive renovations to the house, the individual hired the Debtor as his agent to resell the property. The Debtor found a buyer who signed a purchase agreement but backed out of the deal because her father was uncomfortable with the condition of the foundation of the house and would not help her finance the purchase of the property.

The Debtor then showed the property to Glen and Michelle Ternes, who ended up buying it. Some time after the sale, the Terneses found water in a bedroom and commissioned an inspection of the foundation of the house by a consulting engineer, William A. Hanson. Hanson evaluated the foundation and stated in his written report to the Terneses that the foundation wall "has severe structural damage and the wall has failed!" He further advised: "This condition must be corrected immediately to avoid further damages and potential loss to the occupants. The wood joists in the wall are broken. The wall could collapse at any time if corrective mearsures [sic] are not taken."

The Terneses brought suit in North Dakota state court against the Debtor and others alleging fraud and misrepresentation concerning the failure to disclose the condition of the wood foundation of the house prior to the sale. On the eve of trial, the Debtor and the Terneses agreed to a settlement that included the transfer of quit claim deed to the property to the Debtor. The Debtor testified that he agreed to this resolution of the lawsuit only after he had the Mandan

2

Building Inspector and a structural engineer inspect the property, and they both deemed it safe and stable. He took title to the property in December 1998.

The Debtor hired a contractor to fix the foundation. The contractor found that the top wall of the foundation was not attached properly, and he used 3.5-inch screws to secure the foundation walls together. The contractor also reinforced one of the studs in the basement. When the project was complete, the foundation wall was recovered with sheet rock.

The Debtor listed the property for sale approximately one month after he had taken title to it. As the seller, he prepared a property condition statement. The Debtor checked "yes" on the statement in response to the question, "Are there cracked or bulged floors or walls in the basement." The property condition statement does not ask about prior litigation involving the property, but the Debtor informed the Axtmanns' real estate agent about the Terneses' lawsuit and how the property came to be his.

The Axtmanns purchased the property on July 23, 1999. In October 2002, the Axtmanns commenced a lawsuit against the Debtor and others, alleging that representations made to them by the Debtor concerning the condition of the wood foundation of the house were materially false and that the Debtor failed to fully disclose latent defects that were not readily discoverable. Trial was held beginning on May 3, 2004, and the jury returned a special verdict finding the Debtor at fault for causing damages to the Axtmanns and guilty of fraud as to justify an award of exemplary damages. The state court entered judgment was entered on June 1, 2004.

The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on June 14, 2004.

AO 72A
(Rev.8/82)

Geri Chillemi, a real estate broker with 22 years of experience, testified at trial that the Debtor is a reputable broker. She viewed the property at issue and stated she would have completed the property condition statement exactly as the Debtor completed it. The Debtor fairly and honestly disclosed the condition of the property, Chillemi testified.

The Axtmanns continue to reside in the house.

## II. CONCLUSIONS OF LAW

The statutory exceptions to discharge in bankruptcy are narrowly construed to effectuate the fresh start policy of the Bankruptcy Code. Owens v. Miller (In re Miller), 276 F.3d 424 (8th Cir. 2002). Accordingly, a creditor opposing discharge of a debt must prove the debt falls within an exception to discharge. Werner v. Hofmann, 5 F.3d 1170, 1172 (8th Cir. 1993). The standard of proof for exceptions to discharge under 11 U.S.C. § 523(a) is the preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 286 (1991).

The Bankruptcy Code provides that an individual debtor in a Chapter 7 case is not discharged from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). In this context, the term willful means deliberate or intentional. Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998); Hobson Mould Works, Inc. v. Madsen (In re Madsen), 195 F.3d 988, 989 (8th Cir. 1999). The injury, and not merely the act leading to the injury, must be deliberate or intentional. Geiger, 523 U.S. at 61- 62. Malice requires conduct which is targeted at the creditor, at least in the sense that the conduct is certain or almost certain to cause financial harm. Madsen, 195 F.3d at 989. Malice requires conduct more culpable than that which is in reckless disregard of the creditor's economic interests and expectancies. Ehrman v. Feist (In re Feist), 225 B.R. 450, 454 (Bankr. N.D. 1998). A debtor acts

4

AO 72A
(Rev.8/82)

with malice by intending or fully expecting to harm the economic interests of the creditor. Id. The debtor's knowledge that he or she is violating the creditor's legal rights is insufficient to establish malice absent additional aggravating circumstances. Johnson v. Logue (In re Logue), 294 B.R. 59, 63 (B.A.P. 8th Cir. 2003).

The Axtmanns argue the Debtor willfully and maliciously injured them by knowing the condition of the property and failing to properly disclose it to the them. They further argue that the Debtor knew they would rely on his property condition statement in purchasing the property and therefore knew injury was likely to occur.

The Court first notes that the Axtmanns' reliance on the property condition statement is a fact that might establish an element required under section 523(a)(2), but justifiable reliance is not a required element under section 523(a)(6). Next, the Axtmanns have failed to prove that the Debtor deliberately and intentionally injured the Axtmanns. Even if, arguendo, the Debtor deliberately and intentionally failed to properly disclose the condition of the property, such is insufficient to establish willfulness. For the Axtmanns to prevail, they must show the Debtor intended to injure through his conduct. They have not done so. The Court is similarly unconvinced the Debtor acted with the requisite malice, i.e., that the Debtor targeted to injure the Axtmanns. Prior to taking title to the property, the Debtor had the property inspected by two professionals who deemed the property safe and stable, despite the contrary opinion of William Hanson. After taking title, the Debtor hired a contractor to fix the problems with the property's foundation. The Debtor disclosed to the Axtmanns prior to the sale that work had been done on the property and that the foundation floors and walls remained cracked or bulging. Chillemi's testimony that the Debtor fairly and honestly disclosed the condition of the property to the Axtmanns further supports

5

AO 72A
(Rev.8/82)

the Court's conclusion that the Debtor did not willfully and maliciously injure the Axtmanns by knowing the condition of the property and failing to properly disclose it to the them as the Axtmanns allege. The Axtmanns' claim under 523(a)(6) fails.

Based on the foregoing, Plaintiffs Thomas P. Axtmann and Arel E. Axtmann did not prove a basis for nondischargeability under 11 U.S.C. § 523(a)(6) and the Complaint against Debtor/Defendant Wesley James Axtmann is DISMISSED.

**SO ORDERED.**

**JUDGMENT MAY BE ENTERED ACCORDINGLY.**

Dated this January 21 , 2005.

**WILLIAM A. HILL, JUDGE**
**U.S. BANKRUPTCY COURT**

```
ENTERED ON DOCKET 01/21/05
COPIES MAILED 01/21/05 TO:
U.S. Trustee-served electronically
Steven Bity, Attorney for Plaintiff, served electronically
Daniel J. Nagle, Attorney for Defendant served conventionally
```

6

AO 72A
(Rev.8/82)